IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DAVID WEST, )<br><br>Plaintiff, )<br><br>vs. )<br><br>FAMILY DOLLAR STORES OF SOUTH )<br>CAROLINA, LLC, and TRANEE FULLER, )<br><br>Defendants. )<br>_____ ) | No. 2:23-cv-04200-DCN<br><br>**ORDER** |

This matter is before the court on defendant Tranee Fuller's ("Fuller") motion to dismiss, ECF No. 10, and plaintiff David West's ("West") motion to remand, ECF No. 12. For the reasons set forth below, the court denies Fuller's joinder in this case, finds as moot Fuller's motion to dismiss, and denies West's motion to remand.

## I.  BACKGROUND

West alleges that he slipped and fell while visiting a Family Dollar Store (the "Store") in Berkeley County, South Carolina on May 10, 2022. ECF No. 6, Amend. Compl. ¶¶ 5–7. He originally brought a single cause of action against defendant Family Dollar Stores of South Carolina, LLC ("Family Dollar"), the sole defendant, in the Berkeley County Court of Common Pleas on July 24, 2023. See Compl., West v. Family Dollar Stores of S.C., LLC, No. 2023-CP-08-02063 (Berkeley Cnty. Ct. C.P. July 24, 2023).

In his original complaint, West alleged that he is a citizen of South Carolina and that Family Dollar is both incorporated and has its principal place of business in South Carolina. Id. ¶¶ 1–2. As it turns out, Family Dollar is neither a corporation nor a South Carolina-based entity. See ECF No. 1 ¶ 6. Rather, it is an LLC, and its sole member,

Dollar Tree, Inc., is both incorporated and has its principal place of business in Virginia. Id.; see also Amend. Compl. ¶ 2. Thus, Family Dollar is a Virginia-based business entity. See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (explaining that the citizenship of an LLC is determined by the citizenship of its members and that the citizenship of a corporation is determined by its state of incorporation and where it has its principal place of business). Consequently, Family Dollar filed a notice of removal, invoking this court's diversity jurisdiction, on August 22, 2023, ECF No. 1, and filed an answer two days later, ECF No. 4.

On September 12, 2023, West amended his complaint to add the Store's manager, Fuller—a citizen of South Carolina—as a defendant. See Amend. Compl.; see also ECF No. 9 ¶ 3. On September 25, 2023, both Family Dollar and Fuller answered West's amended complaint, ECF Nos. 8; 9, and Fuller moved to dismiss the claims against her pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and 28 U.S.C. § 1447(e). ECF No. 10.

West's response to Fuller's motion to dismiss was due October 10, 2023. ECF No. 10. However, when that deadline arrived, West instead moved to remand this case to state court, given that there was no longer complete diversity between the parties. ECF No. 12. That same day, he also moved to stay all briefing deadlines in this case until the court rules on his motion to remand. ECF No. 13. Family Dollar and Fuller filed a joint response in opposition to West's motion to remand on October 23, 2023. ECF No. 14. On January 16, 2024, the court denied West's motion to stay and directed that he respond to Fuller's motion to dismiss. ECF No. 19. West responded in opposition to Fuller's motion to dismiss on January 24, 2024. ECF No. 20. The court held a hearing on the

two pending motions on January 30, 2024.  ECF No. 21.  As such, the matter is now ripe

for the court's review.

## II.  STANDARD

Federal courts are of constitutionally limited jurisdiction.  Original jurisdiction

exists where a claim arises from federal law, see 28 U.S.C. § 1331, or where the amount

in controversy exceeds the sum or value of $75,000 and the claim is between citizens of

different states, see 28 U.S.C. § 1332.

Generally, any civil action brought in a state court of which the district courts of

the United States have original jurisdiction may be removed by the defendant to the

district court of the United States for the district and division embracing the place where

such action is pending.  28 U.S.C. § 1441(a).  "The party seeking removal bears the

burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec.

Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety

of removal are to be resolved in favor of retained state court jurisdiction, Baxley v.

Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall

v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).  Because removal raises

significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is

necessary."  Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir.

1994).

## III.  DISCUSSION

Both Fuller's motion to dismiss and West's motion to remand focus

predominantly on whether Fuller was properly joined as a party in this action.  ECF Nos.

10 at 3–7; 12 at 3–4.  In essence, while Fuller argues that she is not a proper party and

that the allegations against her should be dismissed accordingly, West argues that Fuller

is a proper party and that the case should be remanded to state court because there is not

complete diversity of citizenship between the parties.  ECF Nos. 10 at 3–7; 12 at 3–4.  As

such, the court begins by examining whether to deny or permit Fuller's joinder as a

defendant to this case.

"When a plaintiff seeks to join a nondiverse defendant after the case has been

removed, the district court's analysis begins with 28 U.S.C. § 1447(e)."  Mayes v.

Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).  This section states: "If after removal the

plaintiff seeks to join additional defendants whose joinder would destroy subject matter

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the

State court."[1]  28 U.S.C. § 1447(e).  In other words, this section leaves the court with

only two options: (1) deny Fuller's joinder and retain jurisdiction—the functional

equivalent of granting Fuller's motion to dismiss—or (2) reject Fuller's joinder and grant

West's motion to remand.  See Mayes, 198 F.3d at 462 ("These are the only two options

for a district court faced with a post-removal attempt to join a nondiverse defendant; the

statute does not allow a district court to retain jurisdiction once it permits a nondiverse

---

[1] Fuller concedes that West properly amended his complaint without leave of the court pursuant to Federal Rule of Civil Procedure 15.  ECF No. 10 at 3.  Rule 15 provides that "[a] party may amend its pleadings once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading."  Fed. R. Civ. P. 15(a)(1).  The Fourth Circuit has prescribed a two-step process to resolve the tension between Rule 15(a) and § 1447(e) when the plaintiff's post-removal Rule 15(a) amendment would add a nondiverse defendant and destroy diversity.  See Mayes, 198 F.3d at 462 n.11.  First, the court should permit the Rule 15(a) amendment "as a matter of course" and, for the time being, retain jurisdiction over the case.  Id.  Second, once the issue of the non-diverse party is raised, either by the court or the parties, the court can decide whether to permit joinder.  Id.  Thus, West concedes that the court must decide whether to permit Fuller's joinder.  See ECF No. 20 at 3.

defendant to be joined in the case." (footnotes omitted)).  In either case, the court's decision over whether to permit Fuller's joinder under § 1447(e) will be dispositive of both pending motions.[2]  See Mayes, 198 F.3d at 461–62.

The decision over whether to permit the post-removal joinder of a nondiverse defendant is a "flexible, broad discretionary" inquiry "committed to the sound discretion of the district court."  Mayes, 198 F.3d at 462–63 (quoting Gum v. Gen. Elec. Co., 5 F. Supp. 2d 412, 414 (S.D.W. Va. 1998)).  Ultimately, "[t]he district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant."  Id. at 463.  In Mayes, the Fourth Circuit provided a non-exhaustive list of factors to guide the district court's analysis into whether to permit a post-removal amendment adding a nondiverse party:  "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory is asking for amendment, [3] whether the plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities."  Id. at 462 (quoting Gum, 5 F. Supp. 2d at 414).

---

[2] As an alternative to her joinder arguments, Fuller also argues that the court should dismiss the claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6) because West's allegations are merely conclusory.  ECF No. 10 at 6–7.  West counters by arguing his allegations are sufficiently plead to survive Fuller's 12(b)(6) challenge.  ECF No. 20 at 5.  In any event, the court cannot reach this issue.  For reasons previously explained, § 1447(e) only gives the court two options.  See § 1447(3); Mayes, 198 F.3d at 461–62.  If, on the one hand, the court opts to permit Fuller's joinder, the court would have to remand the case and would not have subject-matter jurisdiction to rule on Fuller's 12(b)(6) motion.  See Mayes, 198 F.3d at 462.  If, on the other hand, the court denies Fuller's joinder, Fuller would no longer be a party to this case and her 12(b)(6) motion would be moot.  Thus, the court need not, and cannot, consider Fuller's alternative motion to dismiss for failure to state a claim.

At the hearing, Fuller did not contend that West was dilatory in amending his complaint upon learning her identity, nor did West dispute that he would not be prejudiced if Fuller's joinder is not allowed.  See ECF No. 21.  Therefore, neither the second factor nor the third factor provide meaningful guidance on this issue, and the parties have not identified any other factors which bear on the equities.  See Mayes, 198 F.3d at 462.  Consequently, the balance of equities in this case will come down to the first factor: the extent to which West's amendment was made for the purpose of defeating federal jurisdiction.  See id.

Courts consider whether a plaintiff's amendment was for the purpose of destroying diversity by looking to "the parties' arguments, the chronology of events, and the timing of [the plaintiff's] amendment."  Curry v. Omni Hotels Mgmt. Corp., 2022 WL 4481506, at *3 (D.S.C. Sept. 27, 2022).  When "a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction."  Mayes, 198 F.3d at 463; accord Daniels v. Food Lion, LLC, 2016 WL 6155739, at *1 (D.S.C. Oct. 24, 2016) (denying joinder because "[a]lthough plaintiffs assert in their Reply . . . that a lack of knowledge of [a nondiverse manager's] identity was the reason for their previously failing to name [the manager] as a defendant, the totality of the circumstances indicate that the amendment is sought for the specific purpose of avoiding federal jurisdiction").  "In contrast, courts have recognized that amendments based on newly discovered information are often sought for legitimate purposes."  Boykin v. Spectrum Lubricants Corp., 2014 WL 12631658, at *4 (D.S.C. Mar. 7, 2014).

Fuller argues that her joinder in this case should be denied because she speculates that West's amendment was not prompted by newly discovered information but was instead the product of West's desire to defeat this court's jurisdiction.  ECF No. 10 at 3–4.  She notes that West had a significant amount of time after the alleged incident on May 10, 2022, to investigate and decide whether to bring a claim against her but that he did not do so until shortly after Family Dollar removed the case to this court.  ECF No. 10 at 4.  She also specifically noted at the hearing that West's motion to remand came before the parties had exchanged any discovery.  ECF No. 21.

In response, West argues that his amendment was not for the purpose of defeating federal jurisdiction and that he diligently added Fuller as a defendant as soon as his investigation revealed that she was the Store's manager at the time of his alleged fall.  ECF No. 20 at 4.  West claims that he did not bring a claim against Fuller earlier because he did not know who the manager of the Store was when he filed his original complaint.  See id.  He asserts that he first learned her identity when he called the Store to ask who the manager was.  ECF No. 21.[3]  Yet he says he did not make this call until after the case was removed to this court on August 22, 2023, and that he filed his amended complaint on September 12, 2023, shortly after making this discovery.  Id.  In other words, West called the Store to ask who the manager was in either late August or early September 2023—approximately sixteen months after his alleged fall on May 10, 2022.

If West was intent on bringing a claim against the Store's manager, the court knows of no reason why West could not have called the Store to inquire about the

_____

[3] West explained how he learned Fuller's identity during the court's hearing on the two pending motions.

7

manager's identity before he did.  After all, Fuller's identity was not being obscured, nor

was it found through subsequent discovery exchanged between the parties, as no such

discovery was exchanged before West filed his motion to remand.  Id.  Rather, it seems

that West found himself in federal court, somewhere he had no intention of being.  He

then went digging for a means of escape and unearthed precisely what he was looking

for: an instate defendant.

Based on the "parties' arguments, the chronology of events, and timing of

[West's] amendment," the court finds that West's attempt to join Fuller was for the

express purpose of defeating this court's jurisdiction.  See Curry, 2022 WL 4481506, at

*3; accord Mayes, 198 F.3d at 462–63.  Consequently, the balance of the equities

motivates this court to deny Fuller's joinder and retain jurisdiction over this case pursuant

to § 1447(e).[4]  See Mayes, 198 F.3d at 462.

---

[4] Much of the parties' arguments focus on the fraudulent joinder doctrine.  See
ECF Nos. 10 at 5–6; 12 at 3–5; 20 at 4–5.  Whether there was fraudulent joinder should
be a factor in deciding whether to join a nondiverse defendant "if the defendant[] can
carry the heavy burden of proving fraudulent joinder."  Mayes, 198 F.3d at 463
(emphasis added).  Fuller's fraudulent joinder argument is based on the assertion that
West's allegations are insufficient to possibly support his negligence claim because he
has failed to allege any tortious conduct beyond the mere allegation that Fuller was the
manager of the Store at the time of the alleged incident.  ECF No. 10 at 5–6.  Courts in
this district have made clear this is not a reason to find a store manager has been
fraudulently joined in a negligence action.  See, e.g., Cook v. Lowe's Home Ctrs., Inc.,
2006 WL 3098773, at *4 (D.S.C. Oct. 30, 2006); Oliver-Williams v. Walmart Stores E.,
LP, 2021 WL 267818, at *3 (D.S.C. Jan. 27, 2021); see also Caughman v. Atrium Fin. I,
LP, 574 F. Supp. 3d 316, 320 (D.S.C. 2021); accord Hardrick v. Wal-Mart Stores Inc.,
2018 WL 3867805, at *3 (D.S.C. Aug. 15, 2018); Bryant v. Hodges Mgmt. Co., 2021
WL 2003188, at *4 (D.S.C. May 19, 2021); Patterson v. Wal-Mart Stores E. LP, 2020
WL 3056084, at *4 (D.S.C. June 9, 2020).  As such, Fuller has not met the "heavy burden
of proving fraudulent joinder," and the court rests its conclusion on its consideration of
the other Mayes factors.  See Mayes, 198 F.3d at 463.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** Fuller's joinder as a defendant in this case pursuant to 28 U.S.C. § 1447(e), **FINDS AS MOOT** Fuller's motion to dismiss, and **DENIES** West's motion to remand.[5]

**AND IT IS SO ORDERED.**

_____

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 8, 2024**
**Charleston, South Carolina**

---

[5] To be clear, the court's statutory authority under § 1447(e) to deny joinder arose as soon as West amended his complaint to add Fuller as a defendant. See Mayes, 198 F.3d at 462 n.11 (noting that the district court may, at its first opportunity, "invoke[] its authority under § 1447(e) and related authority, to determine whether [a nondiverse defendant] was an appropriate party"). While the relief sought in Fuller's motion to dismiss is functionally the same as the court's denying joinder under § 1447(e), the court denies joinder pursuant to this statutory authority before proceeding to consider either of the parties' subsequent motions. After joinder is denied, Fuller's motion to dismiss is moot because she is no longer a party to this case, and West's motion to remand is denied because there is now complete diversity between the remaining parties.

In the future, if plaintiff's attorneys wish to avoid federal court, they should limit their prayer to less than $75,000 or include a nondiverse defendant at the time they file their lawsuit.